IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TRACY ANTHONY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 112-166 |
| ) | |
| DENNIS BROWN, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, brought the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983.[1] Plaintiff seeks to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) After a review of Plaintiff's motion to proceed IFP,[2] for the

---

[1] While Plaintiff is currently incarcerated at Georgia State Prison, the allegations in his original complaint concern events at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. (See doc. no. 1.)

[2] While it has come to the Court's attention that there is an issue with Plaintiff's motion to proceed IFP, there have been some proceedings in this case, including the filing of motions for preliminary injunctive relief by Plaintiff. The Court requested a response to the allegations in the first such motion (see doc. no. 7) from Defendant Brown, the Warden at ASMP. Defendant Brown attested in response that Plaintiff's allegations of harassment and assault by officials at ASMP were unfounded, and that Plaintiff's allegations of assault by another inmate were investigated and the inmate was found "not guilty." (See doc. no. 17-1.) Defendant Young, the Medical Director at ASMP, also provided an affidavit in response to Plaintiff's allegations about denial of medical treatment for several conditions, attesting about the course of treatment provided. (See doc. no. 17-2.) Meanwhile, Plaintiff has inundated the Court with largely repetitive filings, many of which are also styled as motions for preliminary injunctive relief. (See doc. nos. 13, 15-1, 15-2, 19-41, 43.) Plaintiff's complaints in these filings range from the adjudication of his petition for federal habeas corpus relief filed in 1996 (see doc. no. 33), to his repeated contention that he was placed in administrative segregation based on allegedly "false" disciplinary reports (see, e.g., doc. nos. 11, 23, 24, 26, 32, 35, 38).

reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED**.

The Court begins by noting that Federal Rule of Civil Procedure 11 "forbids lying in pleadings, motions, and other papers filed with the Court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). To that end, dismissal of a case based on dishonesty in a filing with the court is an appropriate sanction under Rule 11. See Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (*per curiam*) (affirming dismissal of case where plaintiff falsely represented his financial situation in motion to proceed IFP); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*) (affirming district court's dismissal of a case based on prisoner plaintiff's failure to respond truthfully to question on form complaint about filing history). Moreover, 28 U.S.C. § 1915(e)(2)(A) provides that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." Interpreting the prior version of this statute,[3] the Eleventh Circuit Court of Appeals explained that "the purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" Attwood, 105 F.3d at 613 (quoting Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990)).

Accordingly, under both Fed. R. Civ. P. 11 and 28 U.S.C. §1915(e)(2)(A), a case should be dismissed when a plaintiff makes false statements in support of his application for leave to proceed IFP. See Attwood, 105 F.3d at 613; see also Neloms v. St. Lawrence, CV 410-022, 2010 WL 1688554, at *1-2 (S.D. Ga. Mar. 29, 2010), *adopted sub nom by* Neloms

---

[3]28 U.S.C. § 1915(d) formerly provided that courts "may dismiss the case of the allegation of poverty is untrue." See Attwood, 105 F.3d at 613.

v. Al St. Lawrence Chatham Cnty. Det. Ctrs., CV410-022, 2010 WL 1688548 (S.D. Ga. Apr. 23, 2010) (dismissal appropriate where a prisoner plaintiff "flagrantly misrepresented his assets" by stating in his motion to proceed IFP that he had no money in his prison trust account, had no deposits made in the last six months, and that he had not received any employment income over the last twelve months, all of which was later shown not to be true).

Here, Plaintiff was blatantly dishonest on his motion to proceed IFP. In particular, the "Application to Proceed without Prepayment of Fees and Affidavit" filled out by Plaintiff asked whether he had received money from any sources over the past twelve months. (See doc. no. 2, p. 1.) Under penalty of perjury, Plaintiff stated that he had not. (Id. at 1-2.) The computer printout of his trust account, however, shows that Plaintiff received three deposits totaling $901.19 in April and May of 2012.[4] (See doc. no. 2-1, p. 2.) Moreover, Plaintiff declared under penalty of perjury that he did not have "any cash or checking or savings accounts," and he further wrote that he had "0" in such accounts. (Doc. no. 1, p. 2.) The printout of Plaintiff's prison account, as well as the accompanying certificate from the financial officer at ASMP, both of which Plaintiff submitted with his motion, showed that Plaintiff had $196.97 in his prisoner trust account on July 10, 2012. (Id. at 1-2.) Thus, stated simply, Plaintiff "flagrantly misrepresented his assets" in his motion to proceed IFP. See Neloms, 2010 WL 1688554, at *2. On that basis alone, this case is due to be dismissed as a sanction for Plaintiff's dishonesty.[5]

---

[4]While the motion was not received by this Court for filing until October of 2012, Plaintiff dated the motion July 21, 2012. (Doc. no. 2, p. 2.) Moreover, the certificate from the financial officer at ASMP is dated July 10, 2012, and the printout of Plaintiff's account is dated July 10, 2012, as well. (Doc. no. 2-1.)

[5]Of note, Plaintiff is a frequent litigant in the federal courts who is more than familiar with the requirements for proceeding IFP in a civil action, if by virtue of nothing else than his

A case should also be dismissed under 28 U.S.C. § 1915(e)(2)(A), however, when, regardless of any affirmative misrepresentations, the allegation of poverty in the motion to proceed IFP is shown to be untrue by a plaintiff's financial circumstances. See Martin v. United States, 317 F. App'x 869, 870 (11th Cir. 2008) (*per curiam*). Moreover, when considering a prisoner's affidavit of indigence, "the district court may 'inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes.'" Collier v. Tatum, 722 F.2d 653, 655 (11th Cir. 1983) (quoting Evans v. Croom, 650 F.2d 521, 525 (4th Cir. 1981)).

For example, in Martin, a district court did not err in dismissing a case on the ground that the allegation of poverty was untrue where a prisoner plaintiff had only $33.36 in his prison account on the date he signed his motion, but had $1,818.00 in deposits over the

---

recent litigation in this District. For example, Plaintiff settled a prior case against many of the Defendants named herein in 2010. See Miller v. King, CV 698-109, doc. nos. 537, 544 (S.D. Ga. Sept. 14 & Nov. 2, 2010). While the "Settlement Agreement" was a private contract, it was submitted as an exhibit by both Plaintiff and the defendants in CV 698-109, and it shows that it was signed by Plaintiff in August of 2010 and that, by its terms, $50,000.00 was to be paid to Plaintiff. Id., doc. no. 536-3, p. 4; doc. no. 539-1, p. 5.

Thereafter, Plaintiff tried unsuccessfully to proceed IFP in multiple civil actions in different Divisions of this District. On May 25, 2011, Plaintiff was denied leave to proceed IFP when he reported on the motion that he had $7,783.00 in his prison account. Miller v. Brown, CV 111-058, doc. nos. 2, 3 (S.D. Ga. Apr. 21 & May 25, 2011). Then, on June 7, 2011, Plaintiff was denied leave to proceed IFP in another civil action, where he stated in the affidavit that he had $7,246.00 in cash and/or a checking or savings account. Miller v. Chapman, CV 611-059, doc. nos. 2, 3 (S.D. Ga. May 31 & June 7, 2011). Curiously, however, in a motion received for filing on June 1, 2011, in another case, Plaintiff sought to proceed IFP, but represented that he did not know how much money he had. Miller v. Chapman, CV 611-060, doc. no. 2 (S.D. Ga. June 1, 2011). In that case, his motion to proceed IFP was denied and Plaintiff was ordered to either provide more financial information or remit the full filing fee. Id., doc. no. 3. Finally, on February 14, 2012, Plaintiff attempted to proceed IFP in yet another civil action, again stating that he did not know how much money was in his account, but he paid the filing fee two days later before the Court could consider the motion, which was thus denied as moot. Miller v. Brown, CV 112-020, doc. nos. 4, 7 (S.D. Ga. Feb. 14 & Mar. 9, 2012). The case was later voluntarily dismissed and the Clerk was directed to refund the $350.00 filing fee to Plaintiff. Id., doc. nos. 9, 10.

4

preceding six months and a maximum balance of $358.61 in the preceding 30 days. See 317 F. App'x at 870-71. Indeed, as noted in Martin, the district court had found in a prior lawsuit filed by this plaintiff, in which he submitted the exact same information, that his allegation of poverty was untrue and dismissed that case without prejudice as well. Id. at 870. In denying his motion for reconsideration in the prior case, the district court observed that the plaintiff "had sufficient funds to prosecute this action but chose to spend those funds on matters other than this litigation." Martin v. Zenk, 1:06-CV-3065, doc. no. 16 (N.D. Ga. July 2, 2007). Similarly, in Neloms, the court found dismissal appropriate not only because the plaintiff misrepresented his assets, but because "he has accumulated more than enough money to prosecute this action but instead chose to spend those funds on other matters." 2010 WL 1688554, at *2. In that case, the plaintiff had $395.00 deposited in his trust account in the preceding six months, and over $800.00 in the preceding twelve months, but his present trust account balance when he filed suit was just over $200.00. Id.

Here, Plaintiff's complaint is also due to be dismissed because the allegation of poverty in his motion to proceed IFP is simply untrue. Rather, the activity in Plaintiff's prison trust account in the months before he signed his motion to proceed IFP makes it apparent that he was more than capable of paying the costs of filing a civil action in federal court. While Plaintiff's trust account balance was only $196.97 on July 10, 2012, his average monthly balance for the preceding six months was $517.43. (Doc. no. 2-1, p. 1.) More significantly, though the specific figures are unclear, the withdrawals from Plaintiff's prison trust account appear to show that he had as much as $10,000.00 at his disposal in the six months prior to signing the motion to proceed IFP. (Id. at 2-5.) For example, on February 8, 2012, $4,700.00 was withdrawn from Plaintiff's account, and on April 19, 2012, a direct deposit of $1,000.00

5

was made into a Bank of America account, and both withdrawals were payable to Plaintiff. (Id. at 3, 5.) While these transactions appear to have been reversed several weeks later (id. at 3, 4), they show that Plaintiff was capable within the six months before he signed his motion to proceed IFP of withdrawing large sums of money from his account in a single transaction.

If nothing else, a brief review of the various transactions that were not reversed shows that Plaintiff spent a significant amount of money on non-legal expenses in the six months before he signed his IFP motion. For example, Plaintiff, who it should be noted again declared under penalty of perjury that he was unable to pay the costs of filing a civil action in federal court, spent over $800.00 on "Store Purchase[s]" at ASMP during this time. (Id. at 2-5.) Additionally, though he stated in the motion that there were no persons dependent on him for support (doc. no. 2, p. 2), Plaintiff gave a total of $4,450.00 to three people—Domanique Johnson,[6] Margerita Johnson, and Delphenia Bouie—over this six-month period (doc. no. 2-1, pp. 2-5). Remarkably included in this total was a withdrawal of $350.00 to Domanique Johnson on June 12, 2012, "To file a lawsuit fees, court cost."[7] (Id. at 2.)

By contrast, the prisoner plaintiffs in Martin and Neloms, who were found to have sufficient resources to prosecute a civil action in federal court, had less than $2,000.00 at their disposal in the six months before they moved to proceed IFP. Certainly then the same could be said about Plaintiff, who appears to have had as much as $10,000.00 in his prison trust

---

[6]The Court notes, however, that this name is sometimes spelled as "Dominique," but that "Domanique" and "Dominique" Johnson are both referred to as Plaintiff's son in the printout. (See doc. no. 2-1, pp. 3, 4.) In any event, the total amount withdrawn noted above includes withdrawals payable to both "Domanique" and "Dominique" Johnson.

[7]Looking just beyond the six months before Plaintiff signed his IFP motion, the spending pattern is the same. Plaintiff made purchases exceeding $59.00 at ASMP's store on an almost weekly basis, and also, for example, spent $42.30 on Domino's Pizza on December 27, 2011. (See doc. no. 2-1, p. 5.)

account during this time, and who clearly spent a great deal more than $2,000.00 on non-legal expenses. While Plaintiff is entitled to spend his money how he chooses, "proceeding IFP in a civil case is a privilege, not a right." Rivera v. Allin, 144 F.3d 719, 724 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Plaintiff is not entitled to that privilege here, as he obviously had more than sufficient funds to prosecute a federal lawsuit, "but instead chose to spend those funds on other matters." Neloms, 2010 WL 1688554, at *2.

Accordingly, in addition to his affirmative misrepresentation on the motion to proceed IFP, the allegation of poverty in Plaintiff's motion to proceed IFP is also plainly untrue based on his spending activity, making dismissal appropriate in this case. Indeed, as discussed above, Plaintiff is familiar with the procedures for prosecuting a civil action and proceeding IFP in federal court, and he is thus aware of the importance of being honest with the Court in his filings. Stated simply, it is abusive of the judicial process for Plaintiff to attempt to proceed IFP in multiple lawsuits in different Divisions of this District despite having the resources to pay the filing fee, and then to engage in blatant dishonesty in this, his latest attempt to so proceed in this Court. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), that the other pending motions in this case be **DENIED AS MOOT** (doc. nos. 7, 8, 13, 15-1, 15-2, 20-26, 32, 35-40, 43), and that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1915(e)(2)(A).

SO REPORTED and RECOMMENDED this 21st day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE