IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 112-166 |
| DENNIS BROWN, Warden, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 51, 53, 54, 55).[1] The Magistrate Judge recommended that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1915(e)(2)(A), as the Magistrate Judge found that Plaintiff was blatantly dishonest on his motion to proceed *in forma pauperis* ("IFP") and that Plaintiff's allegation of poverty was untrue based on his financial activity in the months before he signed his motion to proceed IFP. (Doc. no. 44.) Specifically, the Magistrate Judge found that Plaintiff stated under penalty of perjury on his IFP motion that he had not received money from any sources over the past twelve months, when his prison trust account showed

---

[1] The Court is mindful that Plaintiff has also filed a "Notice of Appeal" in this case. (Doc. no. 56.) However, appeals may only be taken from final decisions, subject to certain exceptions carefully enunciated in the statutes, court rules, and cases construing them. See 28 U.S.C. §§ 1291-1292; Fed. R. Civ. P. 54. Of note, the report and recommendation of a magistrate judge which has not been adopted by the district court "is not final and appealable." Perez-Priego v. Alachua Cnty. Clerk of Ct., 148 F.3d 1272, 1273 (11th Cir. 1998). Accordingly, as there was no final, appealable decision here, Plaintiff's notice of appeal was premature, and "a premature notice of appeal does not divest the district court of jurisdiction over the case." United States v. Kapelushnik, 306 F.3d 1090, 1094 (11th Cir. 2002).

he had received three deposits totaling $901.19 in April and May of 2012.[2] (Id. at 2-3.) The Magistrate Judge also found that Plaintiff had spent a considerable amount of money in the six months before he signed his motion to proceed IFP, including giving $4,450.00 to three individuals despite representing that no one was dependent on him for support and spending over $800.00 on "Store Purchase[s]" at Augusta State Medical Prison ("ASMP"), and that Plaintiff thus "had sufficient funds to prosecute a federal lawsuit, but instead chose to spend those funds on other matters." (Id. at 7 (internal quotation marks and citation omitted).)

Plaintiff has submitted voluminous, repetitive objections, most of which are either unresponsive to the Magistrate Judge's analysis in the R&R or otherwise lack merit. With respect to the R&R, Plaintiff now alleges that he was not blatantly dishonest on his motion to proceed IFP because he did not understand what the word "sources" meant and was unaware that money had been deposited into his account. (See doc. no. 51, pp. 3, 11.) Plaintiff made no indication on his motion to proceed IFP, however, that he did not understand what the word "sources" meant[3] or that he was unaware of how much money was in his account.[4] Moreover,

---

[2]As noted in the R&R, while the motion was not received by this Court for filing until October of 2012, Plaintiff dated the motion July 21, 2012, (doc. no. 2, p. 2), and the certificate from the financial officer at Augusta State Medical Prison and the printout of Plaintiff's account are dated July 10, 2012, (doc. no. 2-1). Plaintiff contends in his objections that the fact that the IFP materials were dated July of 2012, while his complaint was not filed until October of 2012, bears some significance. (See doc. no. 51, p. 5.) However, the date the motion was received has no bearing on whether Plaintiff answers were dishonest as of the date he signed the motion.

[3]The Court finds Plaintiff's assertion that he did not know what the word "sources" meant suspect at best. As noted by the Magistrate Judge in the R&R, Plaintiff tried to proceed IFP in multiple civil actions in different Divisions of this District beginning in 2011. (See doc. no. 44, pp. 3-4 n.5.) In one such case, Plaintiff indicated that he had received money from "other sources," a settlement, in response to the same question on the motion to proceed IFP. See Miller v. Brown, CV 111-058, doc. no. 2 (S.D. Ga. Apr. 21, 2011).

[4]Notably, in prior motions to proceed IFP in this District, Plaintiff has stated that he was unsure of the amount in his trust account. See Miller v. Chapman, CV 611-060, doc. no. 2 (S.D.

2

Rule 11 requires that a party undertake an inquiry reasonable under the circumstances to ensure the veracity of the assertions in his filings. See Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (*per curiam*). Plaintiff, however, now asserting that he either did not fully understand the questions on the motion or did not have enough information to answer them, still declared under penalty of perjury that his responses to the questions were "true and correct." (See doc. no. 2, p. 2.) Accordingly, Plaintiff's objections offer no reason to depart from the Magistrate Judge's analysis with respect to Plaintiff's dishonesty on the motion to proceed IFP.[5]

Plaintiff also quibbles with the Magistrate Judge's findings about his spending activity, offering various explanations for why he expended the funds. (See doc. no. 51, pp. 7-9.) None of this calls into question the Magistrate Judge's conclusion, however, that Plaintiff had sufficient funds to prosecute a federal lawsuit, but instead chose to spend those funds on other matters, including giving his son $350.00 to file a separate, unrelated lawsuit. (Doc. no. 44, p. 9.)

Plaintiff's remaining objections are likewise without merit and fail to provide any basis for departing from the conclusions set forth in the R&R. Accordingly, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to proceed IFP is **DENIED** (doc. no. 2), the other pending motions in this case are **DENIED AS MOOT** (doc.

---

Ga. June 1, 2011); Miller v. Brown, CV 112-020, doc. no. 4 (S.D. Ga. Feb. 14, 2012).

[5]The Court is aware that Rule 11 ordinarily requires notice and an opportunity to respond before the imposition of sanctions. Attwood, 105 F.3d at 613. That requirement has been satisfied here, however, as Plaintiff had the opportunity to file objections to the Magistrate Judge's R&R, of which he took full advantage. See Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*).

nos. 7, 8, 13, 15-1, 15-2, 20-26, 32, 35-40, 43), and this action is **DISMISSED** pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1915(e)(2)(A).[6]

SO ORDERED this 3rd day of April, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6]Plaintiff also submitted a "Motion for Clarification of the Law and Forms in His Objection" after he submitted his objections. In the motion, Plaintiff first attempts to "clarify" his objections to the R&R by leveling new allegations. (Doc. no. 58-1.) Under Houston v. Lack, 487 U.S. 266, 276 (1988), Plaintiff's motions are deemed filed on the date of execution and delivery to prison officials for mailing. Here, Plaintiff dated the motion March 13, 2013, (doc. no. 58, p. 2), indicating that it was unquestionably filed subsequent to the objections deadline, March 11, 2013, (doc. no. 45). Thus, however it is to be classified–as an attempt to clarify, amend, or supplement his objections–because it comes after the deadline for submitting objections, it is untimely and thus **DENIED**. (Doc. no. 58-1.) See State Contracting & Eng'g Corp. v. Condotte Am., Inc., 368 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005).

Of note, even if this attempt at raising additional objections were timely, the newly proffered allegations would provide no reason to depart from the R&R. Plaintiff now fantastically asserts that the Magistrate Judge and the Attorney General's Office requested Plaintiff's transfer from ASMP to Georgia State Prison ("GSP") and ordered prison officials at GSP to lock Plaintiff down and deny him, *inter alia*, access to legal materials and the law library, hot meals, and medical care. (See doc. no. 58, pp. 1-2.) Plaintiff also describes an alleged phone call in which the Magistrate Judge "assured" unspecified prison officials "that he would have [Plaintiff's] complaint dismiss[ed]," and in which "it was discussed that it would be in best interest to find [another inmate] not guilty of assaulting [Plaintiff] and to make affidavits denying [Plaintiff's] claims." (Id. at 2.) In short, Plaintiff now purports to link the Magistrate Judge and the Attorney General's Office to the vast ongoing conspiracy among prison officials at ASMP and GSP to violate his rights, as has been alleged in his filings in this case up to this point. These outlandish, baseless allegations obviously provide no plausible basis for departing from the Magistrate Judge's analysis in the R&R.

In the motion, Plaintiff also appears to make an additional request for injunctive relief. (Doc. no. 58-2.) That request and the other motions Plaintiff filed after the Magistrate Judge issued the R&R are **DENIED AS MOOT**, however, as this case is now closed. (Doc. nos. 47, 48, 50, 52, 58-2.)

4