```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

TRACY ANTHONY MILLER,            *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *       CV 112-166
                                 *
DENNIS BROWN, Warden, et al.,    *
                                 *
     Defendants.                 *

---

### O R D E R

---

Presently pending before the Court is Petitioner's motion to set aside judgment. (Doc. no. 64.) On April 3, 2013, the Court dismissed this case pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1915(e)(2)(A) because Plaintiff was "blatantly dishonest" on his sworn motion to proceed in forma pauperis. (Doc. no. 60.) Plaintiff's appeal was dismissed for lack of jurisdiction. (Doc. nos. 62, 65.) On May 10, 2013, Plaintiff filed the pending motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff alleges that he did not receive the Court's final Order because an unnamed prison official withheld his legal mail. Plaintiff states that he found out about the Court's April 3, 2013 Order on May 6, 2013.

Rule 60(b) permits the Court to relieve a party from a final judgment only "under a limited set of circumstances," Gonzalez v. Crosby, 545 U.S. 524, 528 (2005), including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "'Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" Mitchell v. Miller, No. 4:99-CV-080, 2007 WL 1183896, at *1 (M.D. Ga. Apr. 19, 2007) (quoting Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001)). "Motions for relief from a final judgment are addressed to the sound discretion of the district court, guided of course by accepted

2

legal principles." Hand v. U.S., 441 F.2d 529, 531 (5th Cir. 1971).[1]

Here, Plaintiff fails to prove his allegation that his mail was withheld and further fails to establish any resulting prejudice. Plaintiff's alleged non-receipt of the Court's April 3, 2013 Order does not warrant vacating that Order or setting aside judgment in this case. In summary, Plaintiff's threadbare allegation does not meet any of the Rule 60(b) criteria. Accordingly, Plaintiff's motion to set aside judgment (doc. no. 64) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of January, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

3